UNITED STATES DISTCT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODOLFO MORENO,

    Defendant.
_____/

Case No. 15-20562-2
HON. VICTORIA A. ROBERTS

## ORDER DENYING PETITION FOR HABEAS RELIEF [ECF No. 58]

### I. INTRODUCTION

Rodolfo Moreno ("Moreno") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Moreno makes two arguments. First, he argues his sentence violates the due process clause of the Fifth Amendment because the Presentence Investigation Report ("PSIR") writer made two errors, both of which were relied on by the Court and served as a basis for his sentence in 2016 as a career offender.

Second, Moreno argues his appellate counsel was ineffective in violation of the Sixth Amendment because he failed to challenge the criminal history points assessed to Moreno's state court convictions – all of which led to the determination that Moreno had a state court conviction that established him as a career offender.

For the reasons that follow, the Court **DENIES** Moreno's petition for habeas relief.
1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Moreno has an extensive history of drug crimes which resulted in his career offender status. Moreno pled guilty in state court to three separate offenses but received a single sentence for the delivery and manufacture of marijuana and felony firearm in 2006. Moreno also pled guilty to conspiracy to distribute controlled substances in federal court before the Honorable David Lawson in 2008. Judge Lawson erroneously classified Moreno as a career offender and sentenced him as such.

In 2016, Moreno pled guilty to conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Moreno to prison for 151 months, and four years of supervised release. In crafting that sentence, the Court acknowledged Moreno's extensive criminal history and career offender status. By the time of his 2016 convictions, the district court correctly classified Moreno as a career offender based on his state court convictions and his federal conviction in 2008.

Moreno filed a timely appeal from the judgment of conviction. Moreno's appeal renewed his objection to the career offender classification and – for the first time, challenged the constitutionality of the career offender guidelines. *United States v. Moreno,* 685 F. App'x 474, 475 (6th Cir. 2017).

Moreno specifically argued that it was error for the district court to rely on the 2008 career offender classification at his 2016 sentencing because he was not a career offender in 2008. *Moreno,* 685 F. App'x at 475. The Sixth Circuit agreed with Moreno that he was incorrectly classified as a career offender in 2008; by that time, he only had one

qualifying offense. *Id.* at 476. But the appellate court also said the district court correctly calculated Moreno's guideline range because he did qualify as a career offender by the time of the 2016 appeal; his counsel even conceded the point. *Moreno,* 685 F. App'x at 476.

The Sixth Circuit also ruled that to the extent the district court relied on the erroneous career offender classification in crafting Moreno's sentence, the error was harmless. *Id.* Importantly, the appellate court ruled that Moreno's 2008 designation as a career offender was not the basis for this 2016 sentence. *Id.* The Sixth Circuit found "the district court's thorough discussion of [Moreno's] criminal history and the circumstances of this case make it clear that [Moreno's] commission of a drug offense while under sentence for a prior drug offense was decisive in crafting his [2016] sentence." *Id.*

The Sixth Circuit also denied Moreno's constitutional challenge to the career offender guidelines. The Court found that "sentencing guidelines are advisory rather than mandatory." *Moreno,* 685 F. App'x at 476 (citing *United States v. Booker,* 543 U.S. 220, 234 (2005)). According to the Sixth Circuit, district courts have substantial discretion in matters of sentencing and may depart from sentencing guidelines. *Moreno,* 685 F. App'x at 476.

The Sixth Circuit denied Moreno's appeal and affirmed the judgment. Moreno filed a petition for certiorari in the United States Supreme Court. It was denied. Moreno filed a timely § 2255 motion for habeas relief.

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255(a) a prisoner may move to vacate, set aside, or correct a sentence on the grounds that it was:

> imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

A court must grant a prompt hearing on a § 2255 motion unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b).

To prevail on a motion to vacate, set aside, or correct sentence, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States,* 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001)).

"To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003). "Relief is warranted only where a petitioner has shown a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (citations and internal quotation marks omitted).

## IV. ANALYSIS

### A. Moreno's Motion Fails on Due Process Grounds

Moreno claims that his sentence violates the due process clause of the Fifth Amendment because the PSIR writer made two errors that were relied on by the Court

4

and served as a basis for his 2016 sentence. Specifically, Moreno claims: (1) error in the PSIR designating him as a career offender before his 2016 sentencing; and (2) that the PSIR should have assessed his criminal history points under the state felony firearms conviction instead of the drug conviction.

The Government contends that Moreno raised this argument in his direct appeal, and that decision bars Moreno from relitigating it in this § 2255 motion. The Court agrees.

"[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States,* 178 F.3d 790, 796 (6th Cir. 1999). *See also DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996); *Stephan v. United States,* 496 F.2d 527, 528-29 (6th Cir. 1974).

In *United States v. Moreno*, 685 F. App'x 474, 475-75 (6th Cir. 2017), Moreno made the same argument as he does here. In rejecting it, the Sixth Circuit acknowledged the earlier calculation error, but said, too, that in 2016, Moreno's counsel was "aware of [Moreno's] prior state offenses and his 2008 federal offenses," and still conceded that Moreno was a career offender. *Moreno,* 685 F. App'x at 476. "That being so, [the Sixth Circuit held,] Moreno's guideline range was correctly calculated." *Id.*

By 2016, Moreno was a career offender and he had a lengthy criminal history, both of which served as the bases for the term of imprisonment imposed.

According to 4B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G.") a defendant qualifies as a career offender:

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of the conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Any one of Moreno's three state court convictions could have satisfied the "prior felony" requirement for career offender status. Moreno satisfied all three requirements for career offender status at his 2016 sentencing.

The PSIR correctly assessed the criminal history points for Moreno's state convictions. The Court was correct in crafting a sentence based on his career offender status.

Moreno's due process claim fails on its merits, and also because the Sixth Circuit already decided the issue. That decision binds this Court. No exception circumstances are present, and there have been no intervening changes in the law. His motion on this ground is **DENIED.**

### B. Moreno's Motion Fails on Ineffective Assistance of Counsel Grounds

Moreno argues that his appellate counsel was ineffective because he failed to challenge the three criminal history points assessed to his state court felony firearm conviction. The Government says counsel was not ineffective because the PSIR correctly assessed the criminal history points, and Moreno was a career offender by the time of his sentencing in 2016. The Government is correct.

To establish ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel: (1) was deficient in his performance; and (2) prejudiced the

defense, so as to render the outcome of the proceeding unreliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

To demonstrate counsel was deficient a petitioner must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. *See generally Evitts v. Lucey,* 469 U.S. 387, 393-94 (1985) (right to effective assistance of counsel applies on an appeal as of right).

Moreno argues that he satisfies the first prong of the *Strickland* test because his counsel was deficient when he made an argument about the constitutionality of the career offender guidelines instead of making the stronger argument regarding the assessment of his criminal history points.

The Court discusses above why Moreno's criminal history points were correctly assessed and how he attained criminal offender status by 2016. Those same reasons explain why Moreno does not satisfy the first prong of *Strickland.* There was no constitutional error in the sentence, and there was no ineffective assistance of appellate counsel in failing to object to Moreno's career offender classification. *See generally Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

When deciding an ineffective assistance claim, the court is not bound to address both components of the inquiry if a petitioner makes an insufficient showing on one. *Strickland,* 466 U.S. at 697. Nonetheless, the Court finds that Moreno fails to satisfy the second prong of *Strickland*. Even if counsel had performed deficiently, Moreno has not proved his counsel's performance affected the sentence rendered on appeal.

Moreno does not satisfy either prong under *Strickland.*

## V. CONCLUSION

Moreno's petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

Moreno may not proceed on appeal unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). Such a certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2).

The Court denies Moreno a certificate of appealability. He fails to make a substantial showing that he was denied a constitutional right. *Cooey v. Coyle,* 289 F.3d 882, 887 (6th Cir. 2002).

Additionally, the Court finds that Moreno should not be granted leave to proceed *in forma pauperis* on appeal; any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS ORDERED.**

Dated: June 10, 2019                                              s/ Linda Vertriest
                                                                                             Victoria A. Roberts
                                                                                             United States District Judge