UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 15-20562
                                         Honorable Victoria A. Roberts

RODOLFO MORENO,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SENTENCE REDUCTION (COMPASSIONATE RELEASE) [ECF No. 88]

### I. Introduction

Rodolfo Moreno moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). As "extraordinary and compelling" circumstances, Moreno relies on the COVID-19 pandemic, his rehabilitation, and the fact that if he were sentenced today, he would not be scored as a "career offender" under USSG § 4B1.1. Instead, his guidelines would be 46-57 months as opposed to the 151-181 month guideline range the Court considered at the time of sentencing.

Based on these circumstances and the 18 U.S.C. § 3553(a) applicable factors, the Court **DENIES** Moreno's motion for compassionate release.

1

## II. Discussion

Upon a defendant's motion, the Court may modify his sentence if: (1) he fully exhausts all administrative remedies; (2) he shows "extraordinary and compelling reasons to warrant such a reduction [or release]"; and (3) the factors in 18 U.S.C. § 3553(a) support the reduction or release. See 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

Moreno fully exhausted remedies, but he cannot show that extraordinary and compelling circumstances warrant release, or that the § 3553 factors favor a sentence reduction.

### A. The Sentence Disparity

The Court sentenced Moreno to 151 months following his 2015 conviction for conspiracy and possession with intent to distribute heroin. It enhanced his base offense level under the sentencing guidelines because of a 2007 conspiracy conviction.

However, in *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019), the Sixth Circuit held that attempt crimes no longer qualify as controlled substance offenses under the "Career Offender" definition of the sentencing guidelines. *See* USSG § 4B1.1. This applies to other inchoate

offenses, including conspiracy. *See United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020).

If Moreno was sentenced today, the Court would not consider the 2007 conviction for purposes of calculating his base offense level. There is no disagreement that his guideline range today would be 46-57 months, not the 151-181 months the Court considered at sentencing. [ECF. No. 88, PageID.476]. Moreno argues that this sentencing disparity - in combination with his rehabilitation and COVID-19 risk - form extraordinary and compelling circumstances warranting release.

It would be an understatement to say that the state of the law in the Sixth Circuit on this issue is in shambles. While it is clear that an incarcerated person cannot show that extraordinary and compelling circumstances warrant release solely based on a nonretroactive change in the law, *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021), it is unclear from various decisions whether a nonretroactive change in the law can be considered at all, or as one of multiple factors that, in combination, can form extraordinary and compelling circumstances for purposes of sentence reduction.

Several panels have held that nonretroactive changes in the law cannot be considered at all for the extraordinary and compelling

3

circumstances analysis. *See United States v. McKinnie*, No. 21-3608, 2022 WL 221539, at *4 (6th Cir. Jan. 26, 2022); *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021); *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021)

Other panels hold that nonretroactive changes in the law can only be considered in combination with other factors. *See United States v. Owens*, 996 F.3d 755, 760 (6th Cir. 2021); and *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021).

Only the Sixth Circuit can resolve this debate. In its latest pronouncement the Court held on facts quite similar to Moreno's, that nonretroactive precedent cannot be relied upon as a basis for release. *United States v. McKinnie*, No. 21-3608, 2022 WL 221539, at *4 (6th Cir. Jan. 26, 2022) The court went on to hold that none of McKinnie's other grounds for relief (covid exposure, obesity, hypertension, and extraordinary rehabilitation) - either individually or in combination - supported a sentence reduction. *Id*.

The Court need not resolve this debate. Even if the Court factored the disparity in, Moreno cannot show that his circumstances are sufficiently extraordinary to warrant release.

4

### B. COVID

On several occasions, Moreno refused the COVID-19 vaccination. He does not have any underlying conditions placing him at high risk of severe illness due to COVID-19 infection (he says his past use of alcohol and marijuana places him at higher risk). But even if he were at risk because of the lifestyle choices he made, Moreno's access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons for release. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[If a prisoner] has access to the COVID-19 vaccine, [incarceration during the COVID-19 pandemic] does not present an extraordinary and compelling reason warranting a sentence reduction").

Moreno says he remains unvaccinated due to his limited access to medical information. [ECF No. 88, PageID.480]. He relies on *United States v. Watson*, where the court granted release despite defendant's refusal to be vaccinated. *United States v. Watson*, No. 19-CR-20245, 2021 WL 2644120 at *5 (E.D. Mich. June 28, 2021). In that case, defendant supported his decision to decline the vaccine with an affidavit describing the prison's "failure to provide medical information," "other individuals at the prison experiencing serious side effects," and several staff members refused the vaccine after expressing worries about side effects. *Id*. at *5.

5

The court found that defendant remained at elevated risk because of obesity and his decision "should not automatically disqualify him from obtaining compassionate release." *Id*. at *5. However, the court ultimately found extraordinary and compelling reasons for defendant's release based on "tragic" family circumstances. *Id*. at *6.

Several district courts in the Sixth Circuit have declined to find extraordinary and compelling medical circumstances when a defendant has declined the vaccine. *See, e.g.*, *United States v. Cotton*, No. 18-20315, 2021 WL 1601403 (E.D. Mich. Apr. 23, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215 (E.D. Mich. Mar. 9, 2021); *United States v. Wilson*, 2021 WL 3417917, at *3 n.13 (E.D. Mich. Aug. 5, 2021). And the Sixth Circuit recently held that "If an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4th at 751.

The Court finds that Moreno's lack of access to medical information is not a compelling circumstance justifying failure to be vaccinated.

6

### C. Moreno's Rehabilitation

It is true that Moreno has made significant efforts toward rehabilitation. He completed an Associate Degree with a 3.4 GPA, a Basic Drug Abuse Education course, a non-residential drug abuse program, and various life skills programs. Moreno incurred no prison discipline during his current period of incarceration, and he has a release plan that would have him live with his girlfriend. He has a job offer. Moreno wrote to the Court and explained the importance of being a law-abiding citizen and breaking generational curses. He also described his future aspirations to help the community, and his desire to be physically present in his son's life. This is all admirable.

But none of Moreno's three grounds meets the "extraordinary and compelling" standard required to justify a sentence reduction.

### D. § 3553 Factors

Moreno committed the crime for which he is incarcerated while he was still serving time for the 2007 federal drug crime. During sentencing the Court noted that Moreno's conduct "demonstrated very little respect for the law," and that "such a sentence was called for . . . given Mr. Moreno's history, . . . his misconduct in State . . . and Federal prison [during his

7

previous periods of incarceration] and . . . his continuing criminal activity [while on home confinement]." [ECF No. 50, PageID.174,177]. At sentencing the Court acknowledged Moreno's significant criminal history - that he had "five felony convictions, four drug convictions, a conviction for guns, and a conviction for violence." [ECF No. 50, PageID.176]. The Court also stated its belief that the sentence given would help deter Moreno from crime. [Id].

The Court believed at the time and believes now that the sentence it imposed serves the § 3553 factors: it reflects the seriousness of Moreno's offenses, promotes respect for the law, provides just punishment, and affords adequate deterrence. Moreno has served only 88 months, approximately 58% of his 151- month sentence, and while the Havis error created a sentencing disparity, it is not sufficient to support release under the § 3553 factors absent extraordinary and compelling circumstances.

### E. Conclusion

Moreno provides the Court with several grounds in support of a sentence reduction. However, these grounds – either independently or in combination - do not amount to extraordinary and compelling circumstances and they do not support a sentence reduction. Moreno also fails to show that the § 3553(a) factors support a reduction.

The Court **DENIES** Moreno's motion for sentence reduction.

**IT IS ORDERED.**

                                              s/ Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated: February 2, 2022